REBECCA A. SPILKER,

      **Plaintiff,**

      v.                          **Case No. 26-C-315**

ROCK GARDEN WEDDINGS & EVENT VENUE,
AARON WOLF, and CLINTON DEL MARCELLE,

      **Defendants.**

## ORDER DENYING EMERGENCY MOTION FOR AN IMMEDIATE PROTECTIVE ORDER AND SANCTIONS

Plaintiff Rebecca A. Spilker, serving as her own lawyer, has filed an Amended Complaint against Defendants Rock Garden Weddings & Event Venue, Aaron Wolf, and Clinton Del Marcelle, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and a state law claim of sex discrimination and disparate treatment under the Wisconsin Fair Employment Act, Wis. Stat. § 111.31 *et seq.*  Am. Compl., Dkt. No. 17.  This matter is currently before the court on Plaintiff's emergency motion for an immediate protective order and for sanctions against Defendants.  Dkt. No. 25.

Plaintiff states that counsel for Defendants in this matter have filed a state open records request, bypassing federal discovery rules and targeting Plaintiff's private, personal data.  Although Plaintiff states she has filed an action in the Circuit Court for Brown County seeking to block counsel's request, her motion to proceed *in forma pauperis* was denied and she has been given thirty days to pay the $300 filing fee.  Plaintiff contends she is seeking emergency relief to prevent the premature release of the requested records.  Plaintiff also accused counsel of

misconstruing "black letter federal law," but that argument goes to the merits of her case, not her request for emergency action. In any event, it appears from her state court action that the records counsel has requested consist of "the case files in which [Plaintiff] as complainant has filed a discrimination complaint with the Equal Rights Division." Dkt. No. 26-2 at 6. The request lists three specific matters in its request to the Wisconsin Department of Workforce Development.

Plaintiff's request is denied. There is no rule limiting parties to federal litigation or their attorneys to the discovery tools authorized by the Federal Rules of Civil Procedure in their investigation of a claim. Parties need not use interrogatories, requests for production, or depositions to discover relevant facts. They are free to obtain information from informal interviews, search of public or otherwise available records, internet searches, or any other lawful means of finding out information. A request for public records under § 19.35 of the Wisconsin Statutes is a matter of state law. This court has no jurisdiction over whether counsel has a right to the records he is seeking under state law. Whether such records are admissible in this action is a separate issue not presently before the court.

Plaintiff's Motion for an Emergency Protective Order (Dkt. No. 28) is therefore **DENIED**. Plaintiff's Motion for Sanctions against Defense Counsel (Dkt. No. 28) is also **DENIED**. Indeed, because Plaintiff's motion is not substantially justified, an award of sanctions against Plaintiff would be more appropriate. *See* Fed. R. Civ. P. 26(c) and 37(a)(5). Given the fact that the Plaintiff is a pro se litigant, the court declines to impose monetary sanctions against the Plaintiff at this time.

SO ORDERED at Green Bay, Wisconsin this 30th day of June, 2026.

William C. Griesbach
United States District Judge

2