**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

REBECCA A. SPILKER,

        **Plaintiff,**

        **v.**                                   **Case No. 26-C-315**

ROCK GARDEN WEDDINGS &
EVENT VENUE CENTER, AARON WOLF,
and CLINTON DEL MARCELLE,

        **Defendants.**

## DECISION AND ORDER DENYING MOTION TO DISMISS AND, ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT

Plaintiff Rebecca A. Spilker, proceeding pro se, commenced this action against Defendants Rock Garden Weddings & Event Venue Center, Aaron Wolf, and Clinton del Marcelle, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. Plaintiff filed an amended complaint on June 4, 2026, alleging claims of retaliation under the FLSA and sex discrimination under the Wisconsin Fair Employment Act (WFEA), Wis. Stat. § 111.31 *et seq*. The case is before the court on Defendants' motion to dismiss the amended complaint, or in the alternative, for summary judgment. For the reasons that follow, Defendants' motion is denied.

### LEGAL STANDARD

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022). Rule 8 requires a pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that this means a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although a plaintiff "need not plead detailed factual allegations to survive a motion to dismiss, she still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate." *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016) (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678). In the employment discrimination context, "these requirements mean a plaintiff must advance plausible allegations that she experienced discrimination because of her protected characteristics." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (citing *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021)).

### ALLEGATIONS OF THE AMENDED COMPLAINT

In the amended complaint, Plaintiff alleges she was employed by Defendant Rock Garden as a bartender and that "her compensation depended heavily on an employee tip pool shared among the bartending staff." Am. Compl. ¶ 11, Dkt. No. 17. She alleges her coworker, Nick, improperly concealed "charge slips" to avoid sharing tips with other bartenders who clocked out earlier than him on a given day. *Id.* ¶¶ 12–14; *see also* Wolf Decl. ¶ 15, Dkt. No. 22 (identifying "Nick" as "Nick Coopmans"). Plaintiff alleges that she initially "engaged in protected opposition by reporting to management that Nick was actively hiding finalized charge slips to avoid sharing the tips with bartenders who were cut from their shifts earlier than he was, directly violating tip-pooling integrity." Am. Compl. ¶ 13.

Plaintiff also alleges that Nick engaged in other violations of "workplace rules and explicit handbook policies," including insubordination, "continuous tip fraud," and drunkenness, among other acts. *Id.* ¶ 16. She alleges Nick was treated more favorably than women engaging in comparable workplace misconduct. *Id.* ¶¶ 16–18. Plaintiff further alleges her scheduled shifts on

2

March 29 and April 6, 2025, were cut after she complained about Nick's actions, that she was scolded by her managers for "violating the chain of command" after complaining to one of the business's owners, and that she was eventually fired because of her complaints. *Id.* ¶¶ 20–24.

According to her amended complaint, Plaintiff contacted the United States Department of Labor (DOL) on April 11, 2025, to inquire about the "legality of her employer's sudden hours reduction," and later filed a complaint of discrimination with the Equal Employment Opportunity Commission (EEOC). *Id.* ¶¶ 25–26. On April 14, 2025, Plaintiff informed her scheduling manager of her DOL inquiry. *Id.* ¶¶ 28–30. Plaintiff alleges that the scheduling manager told her supervisor about the DOL inquiry, and that Defendants then retaliated against her for the DOL inquiry by terminating her employment and revoking her electronic access to the "When I Work" scheduling application. *Id.* ¶¶ 30–31.

Plaintiff also alleges that Defendants failed to maintain records of employee cash tip distributions, tip-pool allocations, or cash tip-out logs as required under 29 C.F.R. § 516.28. *Id.* ¶ 33. While Defendants maintained records of credit card tips, she alleges, they intentionally or negligently failed to audit, track, or record cash tips, thereby allowing Nick to manipulate the tip pool and conceal cash tips with implicit managerial acquiescence. *Id.* ¶ 34.

The amended complaint includes three claims. Count I alleges a violation of the FLSA in the form of reducing her hours in retaliation for Plaintiff's opposition to Nick's alleged wage theft and tip-pool manipulation. *Id.* ¶¶ 35–38. Count II alleges a violation of the FLSA by terminating her employment in retaliation for her contact with the Department of Labor. *Id.* ¶¶ 39–43. Count III alleges sex discrimination/disparate treatment in violation of the WFEA. *Id.* ¶¶ 44–48.

## A. Retaliation Claims

The FLSA requires employers to pay minimum wages and overtime to nonexempt, hourly employees. 29 U.S.C. §§ 206–07; *see also Sloan v. Am. Brain Tumor Ass'n*, 901 F.3d 891, 894 (7th Cir. 2018). The FLSA also makes it unlawful for an employer "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]." *Id.* § 215(a)(3). "To state a retaliation claim under this provision, a plaintiff must plausibly allege that he engaged in activity protected under the Act, his employer took an adverse employment action against him, and a causal link exists between the two." *Sloan*, 901 F.3d at 894 (internal quotation omitted). A plaintiff engages in FLSA "protected activity" only if "a reasonable employer in [the defendant's] circumstances and armed with its knowledge of the relevant context would have had fair notice of [the plaintiff's] assertion of rights protected by the FLSA." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011).

But to state a prima facie case of retaliation, it is not necessary that the employer's challenged practice constitutes an actual violation of the law at issue. *See Hamner v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 224 F.3d 701, 706 (7th Cir. 2000), *overruled on other grounds by Hively v. Ivy Tech Cmty. Coll. of Ind.*, 853 F.3d 339 (7th Cir. 2017) ("It is true that our cases hold that an employee may engage in statutorily protected expression under section 2000e–3(a) even if the challenged practice does not actually violate Title VII." (internal quotation marks and citation omitted)). "[I]t is sufficient if the plaintiff has a reasonable belief that she is challenging conduct [that violates] Title VII." *Holland v. Jefferson Nat'l Life Ins. Co.*, 883 F.2d 1307, 1314 (7th Cir. 1989); *see also Rucker v. Higher Educ. Aids Bd.*, 669 F.2d 1179, 1182 (7th Cir. 1982) (holding section 2000e–3(a) protects employee opposition even if employee is mistaken and no

4

discrimination existed, provided mistake is sincere and reasonable); *George v. Junior Achievement of Cent. Ind., Inc.*, 694 F.3d 812, 817 (7th Cir. 2012) ("What's more, the grievance must be a plausible one, though not necessarily one on which the employee is correct. We have held that the anti-retaliation provision of Title VII does not protect employees who make insubstantial complaints."). The employee's belief, however, must be in good faith. *Sloan*, 901 F.3d at 895. But her complaint need not be in writing, nor must it be filed with the DOL; an oral complaint to one's employer can be enough. *Kasten*, 703 F.3d at 975–76.

In their motion to dismiss, Defendants argue that Plaintiff's allegations fail to state an FLSA retaliation claim under Count I because the complaint fails to allege that she engaged in protected activity. Defendants argue that Plaintiff's complaints about Nick's conduct have nothing to do with minimum wage, overtime, or anything else covered by the FLSA. Dkt. No. 21 at 7. Defendants assert that Plaintiff's first theory—based on Nick's purported misconduct with tip-sharing and over-pouring—fails to allege that her employer or managers engaged in any conduct prohibited by the FLSA. At most, they contend, Plaintiff alleges noncompliance with internal policies far afield from the FLSA's purview.

Defendants' argument ignores the fact that tips do fall within the purview of the FLSA. Even where the employee is paid a wage above the statutory required minimum, the FLSA prohibits the employer from keeping tips received by its employees for any purposes, "including allowing managers and supervisors to keep any portion of employee's tips." 29 U.S.C. § 203(m)(2)(B). Here, it is true that Nick was not a manager or supervisor. Thus, his alleged "theft" of tips, by itself, would not suggest a violation of the FLSA. But the allegation that management turned a blind eye to the fact that Nick was stealing tips belonging to other employees, including Plaintiff, is on this record not so removed from the prohibition of employers keeping tips that Plaintiff's complaint is implausible. In addition, the DOL regulations require employers

5

to maintain and preserve records of tips received by all employees, even those whose base wage exceeds the minimum required. 29 C.F.R. § 516.28(b). Given the nature of the business Defendants operated, it is not unreasonable that they would have recognized Plaintiff's complaint that Nick was manipulating the tip pool as a potential FLSA claim. This is particularly true after Plaintiff notified Defendants she had consulted the DOL, which administers the FLSA. At least at this stage of the proceeding, these allegations are sufficient to show protected activity under the FLSA.

The amended complaint is also sufficient to show the other two elements: adverse employment action against her and a causal link with the protected activity. It alleges that Plaintiff engaged in protected activity under the FLSA by "repeatedly reporting Nick's tip-hiding and tip-pool manipulation to management" and that "her work schedule was reduced after she complained to Defendants about Nick's behavior" and later, after she informed Defendants she had consulted with the DOL, her employment was terminated. Am. Compl. ¶¶ 36–37, 40–42. A reduced work schedule and termination of employment constitute adverse employment actions. As to cause, Plaintiff alleges that Defendants' "shifting, manufactured justifications for terminating Plaintiff under the guise of an alleged 'chain of command' violation are entirely pretextual." *Id.* ¶ 2. This allegation, together with the alleged timing of the adverse employment actions, are sufficient to raise an inference that Plaintiff's alleged protected activity was a cause.

To show causation, a plaintiff may rely on either direct evidence of a causal link, or "circumstantial evidence that is relevant and probative on any of the elements of a direct case of retaliation." *Treadwell v. Office of Ill. Sec. of State*, 455 F.3d 778, 781 (7th Cir. 2006). "Circumstantial evidence . . . may include: (1) suspicious timing, ambiguous statements or behaviors; (2) evidence that similarly situated employees were treated differently; or (3) a pretextual reason for adverse employment action." *Kasten*, 703 F.3d at 972–73. Here, Plaintiff

alleges both that the alleged retaliation commenced shortly after her complaints about Nick's manipulation of the tip pool and that other employees were treated differently. Am. Compl. ¶¶ 15, 16, and 23. This is enough to state a retaliation claim.

The court acknowledges that some of the allegations suggest that it was Plaintiff's complaints about Nick's other behavior, and not his stealing tips, that precipitated the alleged retaliation. The Amended Complaint alleges:

> 21. On March 21, 2025, Plaintiff expressed concerns to an executive-level management/family member regarding Nick's repeated, negligent alcohol service- an operational and safety hazard lower-level managers witnessed but failed to correct. Later that day, lower-level managers reprimanded Plaintiff, scolding her for "violating the chain of command."

> 22. Following this event, Defendant began stealth retaliation by removing Plaintiff from the schedule. When the next two workplace schedules were released on March 29, 2025, and April 6, 2025, Plaintiff's pre-determined April shifts were completely stripped.

Am. Compl. ¶¶ 21, 22. Though seemingly inconsistent with her claim that it was her FLSA protected conduct that led to the retaliation, these allegations are not enough "to plead [herself] out of court." *Epstein v. Epstein*, 843 F.3d 1147, 1150 (7th Cir. 2016). This is especially so in light of the allegation that Plaintiff's employment was finally terminated by Defendants "[u]pon learning of the DOL disclosure . . . ." Am. Compl. ¶ 31. In sum, the allegations in Plaintiff's amended complaint are sufficient to permit the needed inference as to both of Plaintiff's retaliation claims. Defendants' motion to dismiss will therefore be denied as to Counts I and II.

**B. Sex Discrimination Claim**

In Count III, Plaintiff alleges that Defendants subjected her to disparate treatment on the basis of sex in violation of the WFEA. Defendants argue that Plaintiff's claim must be dismissed because "the Equal Rights Division is 'the *exclusive* forum' to bring a WFEA claim; it 'does not create a private right of action.'" *Abner v. Dep't of Workforce Dev.*, No. 24-CV-0865-BHL, 2025 WL 48443, at *5 (E.D. Wis. Jan. 8, 2025) (quoting *Staats v. County of Sawyer*, 220 F.3d 511, 516

(7th Cir. 2000)); *see also Meer-Weiss v. Kroger Co.*, No. 18-CV-1001, 2018 WL 11542043, at \*2–3 (E.D. Wis. July 3, 2018) (providing a brief history of the WFEA).

Defendants are correct that the Equal Rights Division of the Wisconsin Department of Workforce Development is the exclusive forum to bring a WFEA claim. But it does not follow that she has failed to state a claim of sex discrimination. The Seventh Circuit has consistently held that "plaintiffs are not required to plead legal theories." *Ryan v. Ill. Dep't of Children & Family Servs.*, 185 F.3d 751, 764 (7th Cir. 1999). "While a plaintiff may plead facts that show she has no claim, . . . she cannot plead herself out of court by citing to the wrong legal theory or failing to cite any theory at all." *Id.* (citing *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1134–35 (7th Cir. 1992)). It thus does not matter that Plaintiff's amended complaint identified the wrong statute as the basis for her claim, as long as Defendants are not prejudiced thereby. *Hatmaker v. Mem. Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010).

Here, Plaintiff's allegations are sufficient to state a claim for sex discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a). The court could dismiss her claim without prejudice and allow her leave to replead, but that would only require additional work by the parties and further delay the disposition of the case. Instead, the court will construe her claim as one arising under Title VII which the allegations of her amended complaint clearly support. Plaintiff alleges: "Defendant used a fabricated, unwritten 'chain of command' rule to fire Plaintiff, while routinely permitting a similarly situated male employee (Nick) to violate the chain of command, commit ongoing tip fraud, abandon his post, and work black-out intoxicated without a single reprimand, despite having previously terminated a female employee on the spot for the same conduct." Am. Compl. ¶ 47. This allegation, along with the allegation that the stated reason of her own termination was "a pretext for intentional sex discrimination," *id.* ¶ 48, provide fair

notice to Defendants of her claim.  Defendants' motion to dismiss Count III will therefore also be denied.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss the amended complaint (Dkt. No. 20) is **DENIED**.  Defendants' alternative motion for summary judgment is also denied since on this record there are factual disputes that preclude a finding in Defendants' favor as a matter of law.  The Clerk is directed to set this matter on the court's calendar for a Rule 16 telephone scheduling conference.

**SO ORDERED** at Green Bay, Wisconsin this 3rd day of August, 2026.

William C. Griesbach
United States District Judge